NORTHERN DISTRICT OF NEW YORK
_____

DISABILITY RIGHTS NEW YORK,

    *Plaintiffs,*

        -against-

NORTH COLONIE BOARD OF EDUCATION,
North Colonie Central Schools, and Mr. D. Joseph
Corr, in his official capacity as the Superintendent
of North Colonie Central Schools,

    *Defendants.*
_____

**Complaint**
Index No  1:14-CV-0744
        (DNH/RFT)

## I. PRELIMINARY STATEMENT

Plaintiff, Disability Rights New York (hereinafter "DRNY") has received complaints that students in Defendants' Blue Creek Elementary School have been and are being subjected to abuse and neglect. Defendants are obstructing DRNY's access to Blue Creek Elementary School and are preventing DRNY from fulfilling its statutory obligation to investigate complaints of abuse and neglect of individuals with disabilities. The denial of access by Defendants prevents DRNY, the state and federally designated Protection and Advocacy System for persons with disabilities in New York, from fulfilling the statutory mandates of investigating allegations of abuse and neglect as well as providing protection and advocacy services for individuals with disabilities. DRNY is further prevented from determining whether the rights of students to be free from abuse and illegal restraint are being violated and whether there are appropriate procedures in place to prevent incidents of abuse and neglect. DRNY brings this action for declaratory and injunctive relief to obtain access to Blue Creek Elementary School.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Plaintiffs' federal claims are made pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), 42 U.S.C. §§ 10801-10827, the Developmental Disabilities and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15041 *et seq.,* and Protection and Advocacy for Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e, *et seq.* and 42 USC 1983.

3. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202.

1

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) as all of the events and omissions complained of below occurred in this district.

### III. PARTIES

5. Plaintiff DRNY is the New York Protection and Advocacy program designated by the Governor of the State of New York to provide protection and advocacy services to individuals with disabilities pursuant to New York Executive Law § 558.

6. DRNY is also allotted federal funds pursuant to PAIMI Act, the DD Act, and PAIR Act and is thereby obligated to similarly provide protection and advocacy for persons with mental illness, developmental disabilities, and individuals with disabilities who are not eligible under the PAIMI Act or the DD Act. 42 U.S.C. §§ 10803 - 04, 42 U.S.C. § 15041 *et seq.*, 29 U.S.C. § 794e, *et seq.*

7. DRNY is located at 725 Broadway, Suite 450, Albany, NY 12208.

8. Defendant North Colonie Board of Education is established pursuant to New York Education Law § 1804. Its responsibilities are designated in New York Education Law § 1804. Defendant Board is located at 91 Fiddlers Lane, Latham, NY 12110.

9. Defendant North Colonie Central Schools is established pursuant to New York Education Law § 1802. Its powers are designated in New York Education Law § 1802. Defendant North Colonie Central School District is located at 91 Fiddlers Lane, Latham, NY 12110.

10. Defendant D. Joseph Corr is the Superintendent of the North Colonie Central School District. Pursuant to New York Education Law § 1711 Mr. Corr is responsible for the supervision of the schools. Mr. Corr has executive authority over the school system and the responsibility for its supervision. Mr. Corr is responsible for general oversight of the operations areas of the district, and is being sued in his official capacity. Defendant Corr maintains offices at 91 Fiddlers Lane, Latham, NY 12110

### IV. FACTUAL ALLEGATIONS

11. Defendants operate the Blue Creek Elementary School and an "Academic Skills Class" for third, fourth and fifth graders ("ACS 3-5") within this school building.

12. Blue Creek Elementary School is a facility as defined in 42 U.S.C. § 15043(a)(2)(A)(i), 42 U.S.C. § 10802(4)(B)(ii), and 29 U.S.C. § 794e(f)(2).

13. On information and belief, the ASC 3-5 program is an educational program only for students with disabilities pursuant to Individuals with Disabilities in Education Act (IDEA) for students with a variety of developmental disabilities, mental illness, other cognitive or neurological impairments and/or disabilities that manifest in significant behavioral challenges at school. This information and belief is based on information provided by complainants.

14. On information and belief, the ASC 3-5 program has had seven to ten students in each of the past three years.   This information and belief is based on information provided by complainants.

15. On information and belief the ASC 3-5 program is staffed by a Special Education teacher, a Teaching Assistant and two or more aides.   This information and belief is based on information provided by complainants.

16. DRNY has received complaints from several sources about the students in the ASC 3-5 program and has determined them to be credible.

17. These complaints included allegations that students in the ASC 3-5 classroom have been or are being subjected to abuse, neglect, inappropriate restraint and seclusion and students are in substantial danger of immediate physical or psychological harm due to the Defendants' knowing and reckless actions, or failure to act.

18. DRNY has also received complaints that students with behavioral issues have not received a functional behavioral assessment to enable Defendants to develop behavioral intervention plans as required by 8 NYCRR 200.4(d) and 200.22, placing students at risk of harm or injury, inappropriate restraint and seclusion, and risk of abuse and neglect.

19. As a result of the complaints as set forth in paragraph 16 *supra* and the information set forth in paragraphs 17 and 18 *supra,* DRNY determined further investigation was warranted pursuant to its federal authority and obligations to protect individuals with disabilities from abuse and neglect under PAIMI Act, the DD Act, and PAIR Act.

20. By letter dated June 12, 2014 to D. Joseph Corr, Superintendent of the District, and David Semo, Director of Pupil Services at the District, DRNY requested access to all areas and locations throughout the school available to students in the ASC programs on June 17, 2014 between the hours of 8:00 AM and 4:00 PM.

21. By letter dated and received by DRNY on June 16, 2014 at 2:43 PM, through its attorney, Defendants, advised that DRNY is denied access to Blue Creek Elementary or any District offices or buildings.

22. DRNY attempted to resolve this dispute without court intervention by educating Defendants of DRNY's statutory authority to access Defendants' facilities but the Defendants remained unwilling to grant DRNY access.

23. According to the Defendants' website, the last day of school at Blue Creek Elementary School is June 26, 2014.

24. In order for DRNY to conduct an investigation in response to the numerous allegations of abuse and neglect from multiple sources, access to Blue Creek Elementary School while school is in session is essential so that DRNY can observe the students we are charged to protect in the location where the alleged abuse and neglect has occurred.

3

## V. CLAIMS FOR RELIEF

### First Claim for Relief - Violation of the DD Act and 42 USC 1983

25. Plaintiffs incorporate and re-allege paragraphs 1-24, as if fully set forth herein.

26. DRNY as New York's designated Protection and Advocacy system has the authority to investigate incidents of abuse and neglect of individuals with developmental disabilities to protect the rights of individuals with.   42 U.S.C. § 15043(a)(2)(B).

27. DRNY is also authorized to monitor a facility or program's compliance with respect to the rights and safety of individuals with disabilities and individual treatment plans. 45 C.F.R. § 1386.22(g)(2).

28. The DD Act specifically grants to DRNY the authority to access facilities and residents that provide assistance to individuals with developmental disabilities to protect the rights of those individuals.   42 U.S.C. § 15043(a)(2)(H), 45 C.F.R. § 1386.22(f) and (g).

29. Defendants' failure to permit DRNY to access to Blue Creek Elementary School violates the DD Act.

30. Plaintiffs have no adequate remedy at law.

### Second Claim for Relief - Violation of PAIMI and 42 USC 1983

31. Plaintiffs incorporate and re-allege paragraphs 1 through 24, as if fully set forth herein.

32. DRNY, as New York's designated Protection and Advocacy system, has the authority to investigate incidents of abuse and neglect of individuals with mental illness to protect the rights of individuals with disabilities. 42 U.S.C. § 10805(a)(1)(A).

33. DRNY is also authorized to monitor a facility or program's compliance with respect to the rights and safety of individuals with disabilities and individual treatment plans. 42 C.F.R. § 51.42(c)(2)

34. PAIMI Act specifically grants Disability Rights New York the authority to access facilities and residents that provide assistance to individuals with mental illness to protect the rights of those individuals. 42 U.S.C. § 10805(a)(C)(3), 42 C.F.R. § 51.42.

35. Defendants' refusal to permit DRNY access to Blue Creek Elementary School violates the PAIMI Act.

36. Plaintiffs have no adequate remedy at law.

### Third Claim for Relief - Violation of PAIR and 42 USC 1983

37. Plaintiffs incorporate and re-allege paragraphs 1-24, as if fully set forth herein.

38. DRNY, as New York's designated Protection and Advocacy system has the authority to investigate incidents of abuse and neglect of individuals with disabilities under the PAIR Act to protect the rights of individuals with disabilities. 29 U.S.C. § 794e(f)(2).

39. PAIR specifically grants to DRNY the authority to access facilities and residents that provide assistance to individuals with disabilities to protect the rights of those individuals. 26 U.S.C. § 794e(f)(2).

40. Defendants' failure to permit DRNY access to Blue Creek Elementary School violates the PAIR Act.

41. Plaintiffs have no adequate remedy at law.

## VI. REQUESTS FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court:

A. Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that the Defendants' actions and failures to act violate the DD Act, PAIMI Act and PAIR Act by:

   a. Denying DRNY access to Blue Creek Elementary School; and

   b. Preventing DRNY from fully performing its statutory duty to investigate incidents of suspected abuse and neglect of persons all in violation of the DD Act, PAIMI Act and PAIR Act.

B. Enter preliminary and thereafter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring Defendants to provide DRNY with immediate access to Blue Creek Elementary School when the students are present to permit DRNY to conduct an investigation;

C. Retain jurisdiction over this action to ensure Defendants' compliance with the mandates of the DD Act, the PAIMI Act, and PAIR Act;

D. Award plaintiff reasonable attorney fees and costs;

E. Order such other, further, or different relief as the Court deems equitable and just.

DATED: 06/18/2014

DISABILITY RIGHTS NEW YORK
Attorneys for Plaintiff
JULIE M. KEEGAN (Bar Roll No. 518293)
JENNIFER J. MONTHIE (Bar Roll No. 512427)
CLIFF ZUCKER (Bar Roll No. 102871)

5

725 Broadway, Suite 450
Albany, New York 12207
(518) 432-7861