# Exhibit 3

# Young / Sommer LLC

YOUNG SOMMER WARD RITZENBERG BAKER & MOORE LLC

COUNSELORS AT LAW

Executive Woods, Five Palisades Drive, Albany, NY 12205
Phone: 518-438-9907 • Fax: 518-438-9914

www.youngsommer.com

JEFFREY S. BAKER
DAVID C. BRENNAN
JOSEPH F. CASTIGLIONE
MICHAEL J. MOORE
JAMES A. MUSCATO II
J. MICHAEL NAUGHTON
ROBERT A. PANASCI
KENNETH S. RITZENBERG
DEAN S. SOMMER
DOUGLAS H. WARD
KEVIN M. YOUNG

LAURA K. BOMYEA
LAUREN L. HUNT
ALLYSON M. PHILLIPS
KRISTIN LAVIOLETTE PRATT
JESSICA R. VIGARS

OF COUNSEL
SUE H.R. ADLER
ELIZABETH M. MORSS
SCOTT P. OLSON
STEPHEN C. PRUDENTE
KRISTIN CARTER ROWE

PARALEGALS
ALLYSSA T. MOODY
AMY S. YOUNG

Writer's Telephone Extension: 230
kritzenberg@youngsommer.com

June 16, 2014

**Via Email: jmk@disabilityadvocates.org,**
**Facsimile: (518) 427-6561 and First Class Mail**

Julie M. Keegan, Esq.
Disability Rights New York
725 Broadway, Suite 450
Albany, New York 12207

RE:   North Colonie Central School District – Request for Access

Dear Ms. Keegan:

This law firm represents the North Colonie Central School District ("District") and, on its behalf, responds to your June 12, 2014 letter to D. Joseph Corr and David Semo requesting access to Blue Creek Elementary School on June 17, 2014 pursuant to New York Executive Law § 558(b) and the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15001 et seq. ("DD Act").

You state that Disability Rights New York ("DRNY") has received complaints alleging abuse and/or neglect of participants in the Academic Skills Class ("ASC"). You indicate that an investigation is warranted and is being pursued by DRNY. However, we believe the DD Act, corollary statutes and relevant regulations do not support the authority you seek as a Protection and Advocacy System.

First, the authority of Protection and Advocacy Systems is limited to investigations of abuse and neglect of individuals with developmental disabilities or mental illness (*see* 42 U.S.C. § 15043[a][2][B]) and 42 U.S.C. §10806. Your letter provides no information on the alleged

complaints received by DRNY and no indication that your Agency has probable cause that an individual or individuals have been subjected to abuse or neglect.

The relevant regulations enacted pursuant to the DD Act explicitly define "abuse" and "neglect." Abuse is defined as:

> "any act or failure to act which was performed, or which was failed to be performed, knowingly, recklessly, or intentionally, and which caused, or may have caused, injury or death to an individual with developmental disabilities…" (*see* 45 C.F.R. § 1386.19).

Neglect is specifically defined as:

> "a negligent act or omission by an individual responsible for providing treatment or habilitation services which caused or may have caused injury or death to an individual with developmental disabilities or which placed an individual with developmental disabilities at risk of injury or death…" (*see* 45 C.F.R. § 1386.19).

Your letter does not state any factual basis for DRNY's investigation nor even a suspicion or, more or less a belief, at the probable cause level, that "abuse" or "neglect" as defined above has occurred in the District. The District does not believe that any complaints made rise to the level of "abuse" or "neglect."

First, devoid of any details about the allegations or complaints, DRNY has utterly failed to establish that there is any kind of basis for an investigation. Your letter is insufficient for many reasons, including: (i) specific incidents are not identified (*see* Executive Law § 558 [b][ii][C]); (ii) specific complaints or reports of abuse or neglect are not identified (*see* Executive Law § 558 [b][iii]); (iii) no showing of probable cause has been made; (iv) alleged victims are not identified; (v) alleged abusers are not identified; (vi) the time, date, and location of the alleged incidents of abuse and/or neglect are not identified; (vii) it is unknown if the complaints are complaints of abuse or complaints of neglect. In short, there is no articulated basis for DRNY's purported "investigation" and, simply put, DRNY has failed to establish an investigation is warranted or that as it has a good faith basis upon which to believe that any individuals has been subjected to "abuse" or "neglect". The statutory and regulatory construct requires specific instances of "abuse" or "neglect" and this type of generalized, non-specific allegation is insufficient.

Second, the DD Act provides protections to "individuals with developmental disabilities." This term is given a specific statutory definition (*see* 42 U.S.C. § 15002[8]). Your request pertains to the Academic Skills Class ("ASC"). ASC does not exclusively serve students with developmental disabilities or "mental illness" as defined by 42 U.S.C. § 10802(4). The ASC class is made up of students with a diverse array of classifications including students designated as Other Health Impaired, Emotionally Disturbed or Autistic. The District, and

specifically Blue Creek Elementary School, do not exclusively serve developmentally disabled children or individuals with mental illness. Thus, the District and these programs are not subject to DRNY's oversight and investigatory authority.

Third, Blue Creek Elementary School and ASC are not "facilities" as provided by the DD Act. Specifically, ASC is not a therapeutic environment providing the type of full-service medical care indicated by the DD Act and accompanying regulations. We have reviewed the caselaw cited in your June 12, 2014 letter and do not find it availing. If Congress or the New York State Legislature intended the DD Act to apply to public schools, it would have listed such in the relevant regulations and definitions sections. The District is already subject to regulatory and investigatory authority and oversight by the U.S. Department of Education, New York State Education Department ("SED"), Child Protective Services ("CPS") and other entities. Your purported authority over the District is not supportable within the regulatory construct.

Finally, DRNY is clearly under a conflict of interest in this matter and cannot proceed with any type of investigation of the District. At the present, there are matters and potential litigation where DRNY (and, specifically, you) represent parents and students against the District. On this basis alone, DRNY must be precluded from conducting an investigation of the District. The type of whole-sale access you seek is completely inappropriate given the potential litigation and adversarial relationship between the District and DRNY.

For these reasons, we believe that DRNY does not have a reasonable basis to believe that an individual with developmental disabilities or mental illness has been, or may be, subject to abuse or neglect. In addition, we believe that DRNY does not have a right to unfettered access or authority to conduct the type of investigation you propose. DRNY must reserve its investigatory powers for credible complaints; doing otherwise is completely unreasonable. I urge DRNY to reevaluate the so-called "complaints" it has received in this instance and rescind its baseless request to investigate the District's schools and/or programs. In the event that you, Mr. Short or DRNY personnel appear at Blue Creek Elementary School or any District offices or buildings on June 17, 2014, access will be denied. Nevertheless, we would be willing to meet with you to discuss DRNY's concerns on a date convenient for all parties.

Thank you for your prompt attention to these matters.

Very truly yours,

Kenneth S. Ritzenberg

cc: Superintendent D. Joseph Corr
David Semo, Pupil Personnel Services Director
Annette Trapini, Principal, Blue Creek Elementary