# Exhibit 4

# Julie Keegan

| | |
|---|---|
| **From:** | Julie Keegan |
| **Sent:** | Monday, June 16, 2014 4:20 PM |
| **To:** | Kenneth S. Ritzenberg (kritzenberg@youngsommer.com) |
| **Subject:** | North Colonie |

Ken,

As follow up to our conversation in response to your June 16, 2014 letter, following is a summary of my comments along with relevant authority:

1. Basis - There is no requirement that DRNY must state a factual basis or provide details or have probable cause. There appears to be some confusion regarding DRNY's authority to access **records** (45 CFR 1386.22(a)) and our authority to access **facilities and individuals** (45 CFR 1386.22(f). The latter is much broader because of our obligations to protect individuals with disabilities from abuse and neglect.

2. Individuals - DRNY protection extends to students with other disabilities not covered by PADD and PAIMI under the Protection and Advocacy for Individual Rights (PAIR) program. I provided the statute and following cite in my letter at footnote 1: 'For authority regarding persons with disabilities who are ineligible under PADD and PAIMI, see, 29 U.S.C. § 794e (f)(2), *State of Conn. Office of Protection & Advocacy for Persons with Disabilities v. Hartford Board of Education*, 464 F.3d at 240." The array of classifications of the ASC students you referenced in your letter fall squarely within the authority of PADD, PAIMI or PAIR.

3. Facilities – The Second Circuit has clearly determined that a public school's program for students with disabilities is accessible to the Protection and Advocacy System. *State of Conn. Office of Protection & Advocacy for Persons with Disabilities v. Hartford Board of Education*, 464 F.3d 229 (2d Cir. 2006); see also, *Disability Law Center of Alaska Inc. v. Anchorage School District*, 581 F.3d 986 (9th Cir. 2009); *Disability Rights Wisconsin v. State of Wisconsin Dept. of Public Instruction*, 463 F.3d 719 (7th Cir. 2006). Again, I provided you with this case as well as additional authority in other circuits where this issue of public school access has been litigated.

4. Conflict of interest – This issue was addressed in *E.K. v. The New York Hospital –Cornell Medical Center*, 158 Misc. 2d 334,337 (N.Y. Sup. Ct 1992) ("Disability Advocates, Inc. [DRNY's incorporated name] has, pursuant to its enabling legislation, both investigatory and advocacy functions. It may investigate and negotiate solutions to problems brought by individuals … or give legal advice and go to court, if necessary, on behalf of individuals"). There are several Federal Court decisions addressing the dual role of the P&A. (see Generally, *Mississippi Protection & Advocacy System v. Cotton*, 929 F.2d 1054, F.N. 4 (5th Cir. 1991) (…P & A also serves an important investigatory function in its advocacy role).

As I indicated, DRNY has provided reasonable, non-mandated notice of our intention to access Blue Creek and sufficient time for the District to review this request. We intend to be at Blue Creek tomorrow (Tuesday) morning at 8:00 AM. In a further effort to work with the District, we are willing to refrain from talking directly with staff during our visit on 6/17 and we are willing for an associate of your firm to accompany us through the visit. If the District remains unwilling to allow us the access we are entitled to by law, please advise so that we can pursue court authorization.

1

**Julie M. Keegan, Esq.**
DISABILITY RIGHTS NEW YORK
725 Broadway, Suite 450
Albany, NY 12207
Phone: (518) 432-7861
Fax: (518) 427-6561
TTY: (518) 512-3448
Julie.keegan@disabilityrightsny.org

This message is intended only for the use of the Addressee and may contain information
that is privileged and confidential. If you are not the intended recipient, you are
hereby notified that any dissemination of this communication is strictly prohibited. If
you have received this communication in error, please erase all copies of the message and
its attachments and notify us immediately.

## Julie Keegan

| | |
|---|---|
| From: | Ken Ritzenberg <KRitzenberg@youngsommer.com> |
| Sent: | Monday, June 16, 2014 4:57 PM |
| To: | Julie Keegan |
| Cc: | dcorr (dcorr@NCOLONIE.ORG); dsemo |
| Subject: | RE: North Colonie |

Julie, These are the cases you cited in your earlier communication to the District and about which we wrote you. We do not find them dispositive of the issues that we raise in opposition to your proposed investigation. As such, we will respectfully deny your request for access to the Blue Creek Elementary School tomorrow. Please notice us on any application that you make to the
courts. Regards, Ken

1. Basis - There is no requirement that DRNY must state a factual basis or provide details or have probable cause. There appears to be some confusion regarding DRNY's authority to access **records** (45 CFR 1386.22(a)) and our authority to access **facilities and individuals** (45 CFR 1386.22(f). The latter is much broader because of our obligations to protect individuals with disabilities from abuse and neglect.

2. Individuals - DRNY protection extends to students with other disabilities not covered by PADD and PAIMI under the Protection and Advocacy for Individual Rights (PAIR) program. I provided the statute and following cite in my letter at footnote 1: 'For authority regarding persons with disabilities who are ineligible under PADD and PAIMI, see, 29 U.S.C. § 794e (f)(2), *State of Conn. Office of Protection & Advocacy for Persons with Disabilities v. Hartford Board of Education*, 464 F.3d at 240." The array of classifications of the ASC students you referenced in your letter fall squarely within the authority of PADD, PAIMI or PAIR.

3. Facilities – The Second Circuit has clearly determined that a public school's program for students with disabilities is accessible to the Protection and Advocacy System. *State of Conn. Office of Protection & Advocacy for Persons with Disabilities v. Hartford Board of Education*, 464 F.3d 229 (2d Cir. 2006); see also, *Disability Law Center of Alaska Inc. v. Anchorage School District*, 581 F.3d 986 (9th Cir. 2009); *Disability Rights Wisconsin v. State of Wisconsin Dept. of Public Instruction*, 463 F.3d 719 (7th Cir. 2006). Again, I provided you with this case as well as additional authority in other circuits where this issue of public school access has been litigated.

4. Conflict of interest – This issue was addressed in *E.K. v. The New York Hospital –Cornell Medical Center*, 158 Misc. 2d 334,337 (N.Y. Sup. Ct 1992) ("Disability Advocates, Inc. [DRNY's incorporated name] has, pursuant to its enabling legislation, both investigatory and advocacy functions. It may investigate and negotiate solutions to problems brought by individuals … or give legal advice and go to court, if necessary, on behalf of individuals"). There are several Federal Court decisions addressing the dual role of the P&A. (see Generally, *Mississippi Protection & Advocacy System v. Cotton*, 929 F.2d 1054, F.N. 4 (5th Cir. 1991) (…P & A also serves an important investigatory function in its advocacy role).

As I indicated, DRNY has provided reasonable, non-mandated notice of our intention to access Blue Creek and sufficient time for the District to review this request. We intend to be at Blue Creek tomorrow (Tuesday) morning at 8:00 AM. In a further effort to work with the District, we are willing to refrain from talking directly with staff during our visit on 6/17 and we are willing for an associate of your firm to accompany us through the

visit.   If the District remains unwilling to allow us the access we are entitled to by law, please advise so that we can pursue court authorization.

**Julie M. Keegan, Esq.**
DISABILITY RIGHTS NEW YORK
725 Broadway, Suite 450
Albany, NY  12207
Phone:  (518) 432-7861
Fax:  (518) 427-6561
TTY:  (518) 512-3448
Julie.keegan@disabilityrightsny.org

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.