# DISABILITY RIGHTS NEW YORK

725 BROADWAY, SUITE 450
ALBANY, NEW YORK 12207
MAIL@DISABILITYADVOCATES.ORG
(518) 432-7861 (VOICE)
(518) 512-3448 (TTY)
(800) 993-8982 (TOLL FREE)
(518) 427-6561 (FAX)

August 18, 2014

<u>**Via ECF**</u>

Hon. Randolph F. Treece
United States District Court
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

      **RE:**    **Disability Rights New York v. North Colonie Board of Education,** *et al.*
              **Index No. 1:14-CV-744; Amended**

Dear Judge Treece:

On behalf of plaintiff Disability Rights New York, I respectfully submit the attached Amended Complaint pursuant to <u>Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure</u>.

Please contact me with any questions or concerns.

Sincerely,

*[signature]*

Julie M. Keegan, Esq.
Counsel for Plaintiff

cc:    Joseph F. Castiglione, Kenneth Ritzenberg and Jessica Vigars (via ECF)

NORTHERN DISTRICT OF NEW YORK

DISABILITY RIGHTS NEW YORK,

    *Plaintiffs,*

          -against-

NORTH COLONIE BOARD OF EDUCATION,
North Colonie Central Schools, and Mr. D. Joseph
Corr, in his official capacity as the Superintendent
of North Colonie Central Schools,

    *Defendants.*

**Amended Complaint**
Index No: 1:14-cv-00744

## I. PRELIMINARY STATEMENT

Plaintiff, Disability Rights New York (hereinafter "DRNY") has received complaints that students with disabilities in Defendants' Blue Creek Elementary School have been and are being subjected to abuse and neglect. Defendants are obstructing DRNY's access to these students with disabilities while in attendance at school and are preventing DRNY from fulfilling its statutory obligation to investigate complaints of abuse and neglect of individuals with disabilities. The denial of access by Defendants prevents DRNY, the state and federally designated Protection and Advocacy System for persons with disabilities in New York, from fulfilling the statutory mandates of investigating allegations of abuse and neglect as well as providing protection and advocacy services for individuals with disabilities. DRNY is further prevented from determining whether the rights of students to be free from abuse and illegal restraint are being violated and whether there are appropriate procedures in place to prevent incidents of abuse and neglect. DRNY brings this action for declaratory and injunctive relief to obtain access to students with disabilities while in attendance at Blue Creek Elementary School and their records

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Plaintiffs' federal claims are made pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), 42 U.S.C. §§ 10801-10827, the Developmental Disabilities and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15041 *et seq.,* and Protection and Advocacy for Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e, *et seq.* and 42 USC 1983.

3. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202.

1

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) as all of the events and omissions complained of below occurred in this district.

## III. PARTIES

5. Plaintiff DRNY is the New York Protection and Advocacy ("P & A") program designated by the Governor of the State of New York to provide protection and advocacy services to individuals with disabilities pursuant to New York Executive Law § 558. P&A programs are a nationwide network of disability rights agencies, which are mandated, under various interrelated federal statutory programs, to provide legal representation and other advocacy services on behalf of individuals with disabilities. Pursuant to 42 U.S.C. §15043(a)(2), P&A agencies are authorized to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within the State[.]" P&A agencies are also authorized to "investigate incidents of abuse and neglect of individuals with developmental disabilities if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." 42 U.S.C. § 15043(a)(2)(B). To carry out their investigatory function, P & A agencies have been give broad access to facilities, clients and records necessary to make a determination about whether alleged or suspected instances of abuse and neglect are taking place or have taken place. (45 C.F.R. § 1386.19).

6. DRNY is also allotted federal funds pursuant to PAIMI Act, the DD Act, and PAIR Act and is thereby obligated to similarly provide protection and advocacy for persons with mental illness, developmental disabilities, and individuals with disabilities who are not eligible under the PAIMI Act or the DD Act. 42 U.S.C. §§ 10803 - 04, 42 U.S.C. § 15041 *et seq.,* 29 U.S.C. § 794e, *et seq.*

7. DRNY is located at 725 Broadway, Suite 450, Albany, NY 12208.

8. Defendant North Colonie Board of Education is established pursuant to New York Education Law § 1804. Its responsibilities are designated in New York Education Law § 1804. Defendant Board is located at 91 Fiddlers Lane, Latham, NY 12110.

9. Defendant North Colonie Central Schools is established pursuant to New York Education Law § 1802. Its powers are designated in New York Education Law § 1802. Defendant North Colonie Central School District is located at 91 Fiddlers Lane, Latham, NY 12110.

10. Defendant D. Joseph Corr is the Superintendent of the North Colonie Central School District. Pursuant to New York Education Law § 1711 Mr. Corr is responsible for the supervision of the schools. Mr. Corr has executive authority over the school system and the responsibility for its supervision. Mr. Corr is responsible for general oversight of the operations areas of the district, and is being sued in his official capacity. Defendant Corr maintains offices at 91 Fiddlers Lane, Latham, NY 12110

## IV. FACTUAL ALLEGATIONS

11. Defendants operate the Blue Creek Elementary School and an "Academic Skills Class" for fourth ,

2

fifth and sixth graders ("ACS 4-6") within this school building.

12. Blue Creek Elementary School is a facility as defined in 42 U.S.C. § 15043(a)(2)(A)(i), 42 U.S.C. § 10802(4)(B)(ii), and 29 U.S.C. § 794e(f)(2).

13. Blue Creek Elementary School is a location in which services, supports, and other assistance is provided to individuals with disabilities, including the students with disabilities who are the subjects of the complaints detailed in paragraphs 18-20, *infra*.

14. On information and belief, the ASC 4-6 program is an educational program only for students with disabilities pursuant to Individuals with Disabilities in Education Act (IDEA) including students with a variety of developmental disabilities, mental illness, other cognitive or neurological impairments and/or disabilities that manifest in significant behavioral challenges at school. This information and belief is based on information provided by complainants.

15. On information and belief, Defendant School District provides care, treatment, services, supports and/or habilitiation including but not limited to: special education, disability screening, evaluation, counseling, behavioral therapies, supportive or other adjunctive therapies, medication supervision, and rehabilitation to students with disabilities in the ASC 4-6 program who are the subjects of the complaints detailed in paragraphs 18-20, *infra*. This information and belief is based on information provided by complainants.

16. On information and belief, the ASC 4-6 program has had seven to ten students in each of the past three years. This information and belief is based on information provided by complainants.

17. On information and belief the ASC 4-6 program is staffed by a Special Education teacher, a Teaching Assistant and two or more aides. This information and belief is based on information provided by complainants.

18. DRNY has received complaints from several sources about the students in the ASC 4-6 program and has determined them to be credible.

19. These complaints included allegations that students in the ASC 3-5 classroom have been or are being subjected to abuse, neglect, inappropriate restraint and seclusion and students are in substantial danger of immediate physical or psychological harm due to the Defendants' knowing and reckless actions, or failure to act.

20. DRNY received complaints pertaining to students with disabilities in the ASC 4-6 program that include, but are not limited to, the following allegations:

    a. Repeatedly restraining students without conducting a functional behavior assessment and developing a behavior intervention plan in violation of state and federal laws;

    b. Placing restrained students at risk of harm or injury and inappropriate and unnecessary restraint and seclusion;

3

  c. Placing other students who are present when a student is improperly restrained at risk of harm or injury and at risk of abuse and neglect;

  d. Failure to provide the notice to parents of the use of restraints as required by state law;

  e. Permitting employees who are untrained to administer restraints on students in violation of state and federal laws;

  f. Failure to supervise students and thereby permitting individual students to run recklessly out of the building and several hundred feet through a busy parking area and down a well-trafficked public street;

  g. Using a school lavatory that can be locked from inside and is otherwise out of compliance with 8 NYCRR 200.22 (c) as a time out room and a place of instruction;

  h. Instructing a student's guardian to place multiple doses of prescription medication in a student's backpack to be brought by the unaccompanied student to the school where it would be retrieved by school nurse and then failing to retrieve said medication causing the student to transport it back home without knowledge or supervision of any adult;

  i. Permitting staff in the ASC 4-6 program to repeatedly and over a long period of time to verbally and physically harass students in such a manner that students become fearful, agitated, and disruptive when interacting with such staff;

  j. Failing to comply with students' Individualized Education Programs as required by state and federal law; and

  k. Failing to respond to complaints and concerns from school employees regarding the safety of the students in the ASC 4-6 program.

21. As a result of the complaints as set forth in paragraph 18 *supra* and the information set forth in paragraphs 19 and 20 *supra,* DRNY determined further investigation was warranted pursuant to its federal authority and obligations to protect individuals with disabilities from abuse and neglect under PAIMI Act, the DD Act, and PAIR Act.

22. By letter dated June 12, 2014 to D. Joseph Corr, Superintendent of the District, and David Semo, Director of Pupil Services at the District, DRNY requested access to all areas and locations throughout the school available to students in the ASC programs on June 17, 2014 between the hours of 8:00 AM and 4:00 PM.

23. By letter dated and received by DRNY on June 16, 2014 at 2:43 PM, through its attorney, Defendants, advised that DRNY is denied access to Blue Creek Elementary or any District offices or buildings.

24. DRNY attempted to resolve this dispute without court intervention by educating Defendants of DRNY's statutory authority to access Defendants' facilities but the Defendants remained unwilling to

grant DRNY access.

25. According to the Defendants' website, the last day of school at Blue Creek Elementary School is June 26, 2014.

26. In order for DRNY to conduct an investigation in response to the numerous allegations of abuse and neglect from multiple sources, access to the students with disabilities who are the subjects of the complaints received by DRNY at Blue Creek Elementary School while school is in session is essential so that DRNY can observe the students we are charged to protect in the location where the alleged abuse and neglect has occurred.

27. In a further effort to complete its investigation, DRNY, by letters dated July 9 and 10, 2014, requested from Defendants the records of four students who participated in the ASC 4-6 program and who are clients of DRNY. DRNY provided Defendants with a records release signed by the parent or guardian of each of the students.

28. DRNY requested all records of each of the four students pursuant to 42 USC § 15043(a)(2)(I) and 45 CFR §1386.22 as well as the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99) from January 1, 2012 through the present.

29. By letter dated July 14, 2014, Defendants, agreed to provide only certain records and denying DRNY's authority to access all requested records because Blue Creek Elementary School is not a "facility" under the DD Act (42, USC § 15043 and 45 CR § 1386.22).

30. Defendants continued to deny DRNY's authority and refused to provide all requested despite DRNY's effort to resolve the issue through correspondence dated July 17 and August 1, 2014.

31. Access to all records pertaining to the students with disabilities in the ASC program at Blue Creek Elementary School for which we have received complaints of abuse and neglect is essential to DRNY's statutory obligation to conduct a full and lawful investigation for the protection of children with disabilities.

## V. CLAIMS FOR RELIEF

### First Claim for Relief - Violation of the DD Act and 42 USC 1983

32. Plaintiffs incorporate and re-allege paragraphs 1-31, as if fully set forth herein.

33. DRNY as New York's designated Protection and Advocacy system has the authority to investigate incidents of abuse and neglect of individuals with developmental disabilities to protect the rights of individuals with. 42 U.S.C. § 15043(a)(2)(B).

34. DRNY is also authorized to monitor a facility or program's compliance with respect to the rights and safety of individuals with disabilities and individual treatment plans. 45 C.F.R. § 1386.22(g)(2).

35. The DD Act specifically grants to DRNY the authority to access individuals with developmental

disabilities and facilities that provide assistance to individuals with developmental disabilities to protect the rights of those individuals. 42 U.S.C. § 15043(a)(2)(H), 45 C.F.R. § 1386.22(f) and (g).

36. DRNY has the authority to have access to all records of individuals with developmental disabilities who are clients of DRNY and for whom such release of records is authorized by the individual's legal guardian. 42 USC § 15043(a)(2)(I); 45 CFR § 136.22(a)(1) and (b).

37. Defendants' failure to permit DRNY to access to Blue Creek Elementary School when students are present, to have access to all records, and to conduct an investigation violates the DD Act.

38. Plaintiffs have no adequate remedy at law.

### Second Claim for Relief - Violation of PAIMI and 42 USC 1983

39. Plaintiffs incorporate and re-allege paragraphs 1 through 31, as if fully set forth herein.

40. DRNY, as New York's designated Protection and Advocacy system, has the authority to investigate incidents of abuse and neglect of individuals with mental illness to protect the rights of individuals with disabilities. 42 U.S.C. § 10805(a)(1)(A).

41. DRNY is also authorized to monitor a facility or program's compliance with respect to the rights and safety of individuals with disabilities and individual treatment plans. 42 C.F.R. § 51.42(c)(2)

42. PAIMI Act specifically grants Disability Rights New York the authority to access facilities and residents that provide assistance to individuals with mental illness to protect the rights of those individuals. 42 U.S.C. § 10805(a)(C)(3), 42 C.F.R. § 51.42.

43. DRNY has the authority to have access to all records of individuals with mental illness who are clients of DRNY and for whom such release of records is authorized by the individual's legal guardian. 42 U.S.C. § 10805(a)(4)(A), 42 C.F.R. § 51.41.

44. Defendants' refusal to permit DRNY access to Blue Creek Elementary School when students are present, to have access to all records, and to conduct an investigation violates the PAIMI Act.

45. Plaintiffs have no adequate remedy at law.

### Third Claim for Relief - Violation of PAIR and 42 USC 1983

46. Plaintiffs incorporate and re-allege paragraphs 1-31, as if fully set forth herein.

47. DRNY, as New York's designated Protection and Advocacy system has the authority to investigate incidents of abuse and neglect of individuals with disabilities under the PAIR Act to protect the rights of individuals with disabilities. 29 U.S.C. § 794e(f)(2).

48. PAIR specifically grants to DRNY the authority to access facilities and residents that provide assistance to individuals with disabilities to protect the rights of those individuals. 26 U.S.C. §

794e(f)(2).

49. Defendants' failure to permit DRNY access to Blue Creek Elementary School violates the PAIR Act.

50. DRNY has the authority to have access to all records of individuals with disabilities who are clients of DRNY and for whom such release of records is authorized by the individual's legal guardian. 26 U.S.C. § 794e(f)(2).

51. Defendants' refusal to permit DRNY access to Blue Creek Elementary School when students are present, to have access to all records, and to conduct an investigation violates the PAIMI Act.

52. Plaintiffs have no adequate remedy at law.

## VI. REQUESTS FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court:

A. Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that the Defendants' actions and failures to act violate the DD Act, PAIMI Act and PAIR Act by:

   a. Denying DRNY access to Blue Creek Elementary School;

   b. Denying DRNY access to all records of individuals attending the ASC 4-6 classroom who are clients of DRNY and for whom release of records is authorized by the individual's legal guardian; and

   c. Preventing DRNY from fully performing its statutory duty to investigate incidents of suspected abuse and neglect of persons all in violation of the DD Act, PAIMI Act and PAIR Act.

B. Enter preliminary and thereafter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring Defendants to provide DRNY with immediate access to Blue Creek Elementary School when the students are present to permit DRNY to conduct an investigation;

C. Enter preliminary and thereafter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring Defendants to provide DRNY with access to all records of individuals who are clients of DRNY and for whom release of records is authorized by the individual's legal guardian;

D. Retain jurisdiction over this action to ensure Defendants' compliance with the mandates of the DD Act, the PAIMI Act, and PAIR Act;

E. Award plaintiff reasonable attorney fees and costs;

F. Order such other, further, or different relief as the Court deems equitable and just.

DATED: 08/18/2014

    DISABILITY RIGHTS NEW YORK
    Attorneys for Plaintiff
    JULIE M. KEEGAN (Bar Roll No. 518293)
    JENNIFER J. MONTHIE (Bar Roll No. 512427)
    CLIFF ZUCKER (Bar Roll No. 102871)
    725 Broadway, Suite 450
    Albany, New York 12207
    (518) 432-7861