UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
DISABILITY RIGHTS NEW YORK,

                          Plaintiff,

    -v-                                    1:14-CV-0744
                                          (DNH/DJS)
NORTH COLONIE BOARD OF EDUCATION;
NORTH COLONIE CENTRAL SCHOOLS; and
MR. D. JOSEPH CORR, in his official capacity as
Superintendent of North Colonie Central Schools,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

DISABILITY RIGHTS NEW YORK         JULIE MICHAELS KEEGAN, ESQ.
Attorneys for Plaintiff                      JENNIFER J. MONTHIE, ESQ.
725 Broadway, Suite 450                CLIFF ZUCKER, ESQ.
Albany, NY 12207

YOUNG/SOMMER LLC                    JOSEPH F. CASTIGLIONE, ESQ.
Attorneys for Defendants                 JESSICA R. VIGARS, ESQ.
Executive Woods
Five Palisades Drive
Albany, NY 12205

DAVID N. HURD
United States District Judge

## MEMORANDUM, DECISION and ORDER

**I.        INTRODUCTION.**

       Plaintiff Disability Rights New York ("Disability Rights"), the designated protection and advocacy system for individuals with disabilities in New York State, brought this action against Defendants North Colonie Board of Education, North Colonie Central Schools and Mr. D. Joseph Corr, the superintendent of North Colonie Central Schools (collectively, the "Defendants").

On March 21, 2016, partial summary judgment for Disability Rights was granted. Plaintiff now moves for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. In its motion, plaintiff seeks an award of attorneys' fees in the amount of $209,532.75 and $778.78 for litigation expenses and costs. Defendants have filed a response and the motion is fully briefed. For the following reasons, plaintiff's motion is granted in part.

## II.     FACTUAL BACKGROUND.

Disability Rights is the New York Protection and Advocacy system designated by the Governor of the State of New York to provide protection and advocacy services to individuals with mental illness and disabilities pursuant to New York Executive Law § 558. On June 19, 2014, plaintiff filed suit against the defendants seeking declaratory and injunctive relief. The complaint alleged that defendants improperly denied plaintiff access to Blue Creek Elementary School ("Blue Creek"). Plaintiff wished to access Blue Creek to investigate reports of abuse and neglect in the school's ACS classroom and that such investigation was authorized by the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. § 10801-10827 (the "PAIMI Act"), (ii) the Developmental Disabilities and Bill of Rights Act, 42 U.S.C. § 15041 *et seq.* (the "DD Act") and (iii) the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e, *et seq.* (the "PAIR Act", and together with the PAIMI Act and DD Act, the "P&A Statutes"). On June 20, 2014, plaintiff's motion for a temporary restraining order was granted providing plaintiff with immediate access to the Blue Creek school.

After discovery, both parties filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. On March 21, 2016, defendant's motion for summary judgment in its entirety was denied and Disability Right's summary judgment motion was granted in part. It was found that Blue Creek was a facility or service provider pursuant to the provisions of the P&A

Statutes; that the complaints received by Disability Rights properly alleged abuse and neglect as defined by the P&A Statutes; that the particular students at Blue Creek constituted disabled individuals under the P&A Statutes; that the defendants' initial failure to provide physical access to Blue Creek and the records of certain students constituted a violation of the P&A Statutes. As a result, the defendants were enjoined from disputing that Blue Creek is a facility or service provider for the purposes of the P&A Statutes to the extent Disability Rights seeks to assert the rights granted to it pursuant to federal law or that the students receiving special education pursuant to a particular designation constituted disabled individuals pursuant to the P&A Statutes.

On April 5, 2016, plaintiff submitted the pending motion for attorneys' fees, seeking $209,532.75 based upon: (i) 52.6 hours of work completed by attorney Cliff Zucker ("Zucker") at an hourly rate of $345.00, (ii) 79.1 hours of work completed by attorney Jennifer Monthie ("Monthie") at an hourly rate of $300.00, (iii) 489.8 hours of work completed by attorney Julie Keegan ("Keegan") at an hourly rate of $300.00, (iv) 29.6 hours of work completed by attorney Chris Turner ("Turner") at an hourly rate of $275.00, (v) 20.6 hours of work completed by attorney Stefen Short ("Short") at an hourly rate of $170.00, (vi) 14.0 hours of work completed by attorney Prianka Nair ("Nair") at an hourly rate of $150.00 and (vii) 14.10 hours of work completed by attorney Shain Neumeier ("Neumeier") at an hourly rate of $175.00.

**III.     LEGAL STANDARD**.

   A. *Legal Standard for Awarding Fees*.

Pursuant to § 1988, in any action or proceeding to enforce a provision of 42 U.S.C. § 1983, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as

part of the costs. See 42 U.S.C. § 1988(b). Section 1988 represents a limited exception to the "American Rule," under which each party to an action underwrites its own litigation expenses, including attorney's fees regardless of the outcome. See Neroni v. Coccoma, 2014 WL 3866307, at *1 (N.D.N.Y. Aug. 6, 2014) (Sharpe, D.J.). "Determining whether an award of attorney's fees is appropriate requires a two-step inquiry. First, the party must be a 'prevailing party' in order to recover. If [it] is, then the requested fee must also be reasonable." Pino v. Locascio, 101 F.3d 235, 237 (2d Cir.1996) (citations omitted). The purpose of allowing attorneys' fees in a civil rights action "is to ensure effective access to the judicial process for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). "[A]ccordingly, a prevailing plaintiff should ordinarily recover an attorney fee unless special circumstances would render such an award unjust." Id. (internal quotation marks and citation omitted).

**IV.    DISCUSSION.**

(i) *An Award of Attorneys' Fees and Costs is Available to Disability Rights.*

Defendants asserts that an award of attorneys' fees is not available to Disability Rights as neither their motion for summary judgment nor the Memorandum, Decision and Order granting plaintiff relief expressly rested on a Section 1983 claim. Disability Rights argues that its Section 1983 claims were properly pled and judgment was granted in their favor.

Section 1983 provides "a private right of action against any person who, acting under the color of state law, causes another person to be subjected to the deprivation of a right, privilege, or immunity secured by the relief for persons who, under color of state law, have been deprived of any rights, privileges or immunities secured by the U.S. Constitution or laws of the United States." Stone v. White, 2016 WL 1298725, at *6 (N.D.N.Y. March 31, 2016) (Kahn,

D.J.). Numerous courts, including those in the Second Circuit, have considered a protection and advocacy system's claim to enforce its authority under the P&A Statutes through a Section 1983 action. See Protection & Advocacy For Persons With Disabilities v. Armstrong, 266 F. Supp. 2d 303, 312 (D. Conn. 2003); Michigan Protection & Advocacy Service, Inc. v. Flint Community Schools, 146 F. Supp. 3d 897, 905 (E.D. Michigan 2015) ("[P]laintiff filed suit to enforce its right under the Protection and Advocacy Acts via 42 U.S.C. § 1983"); Advocacy Center v. Stadler, 128 F. Supp. 2d 358 (M.D. La. 1999). "Section 1983 provides a cause of action for violations of federal statutes, unless Congress has 'foreclosed' such an enforcement action, or where the federal statute 'does not create enforceable rights, privileges or immunities within the meaning of § 1983.'" Armstong, 266 F. Supp. 2d at 312 (quoting Stadler, 128 F. Supp. 2d at 366).

Plaintiff's amended complaint cites Section 1983 in each of its claims for relief. Disability Rights instituted this action on its own behalf alleging that the defendants systemically denied plaintiff its right to access Blue Creek, an enforceable right guaranteed to it by the P&A Statutes. Further, none of the P&A Statutes contain an express statement or comprehensive remedial scheme foreclosing the ability to bring a Section 1983 action. See 42 U.S.C. § 15041 *et seq.* (the DD Act); 45 C.F.R. Part 1385 and Part 1386, Subpart B (DD Act regulations); 42 U.S.C. § 10801, *et seq.* (PAIMI); 42 C.F.R. Part 51 (PAIMI regulations); 42 U.S.C. § 794e (PAIR); 34 C.F.R. Part 381 (PAIR regulations).

The March 21, 2016 decision determined that the actions of the defendants violated the rights granted to Disability Rights by the P&A Statutes. Therefore, plaintiff properly alleged and demonstrated that defendants, acting under the color of state law, deprived plaintiff of rights

granted to it by the laws of the United States, i.e. the P&A Statutes. As a result, attorneys' fees and litigation costs are available to plaintiff pursuant to 42 U.S.C. § 1988.

*(ii) Disability Rights was a Prevailing Party.*

Defendants further assert that Disability Rights did not succeed on any significant issues beyond the relief awarded in the June 20, 2014 temporary restraining order and therefore, any attorneys' fees should be limited to litigation efforts up to June 2014 only.

A party is considered a prevailing party for purposes of awarding attorney's fees under § 1988 if the party "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109 (1992); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "To qualify for attorney's fees, there must be a 'judicially sanctioned change in the legal relationship of the parties.'" Kirk v. N.Y. State Dep't of Educ., 644 F.3d 134, 137 (2d Cir. 2011) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)). "In short, a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar, 506 U.S. at 111-12; see also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792–93 (1989) (The "[t]ouchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties."). Section 1988 "has been interpreted to create a strong preference in favor of the prevailing party's right to fee shifting," and therefore, a prevailing party "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Wilder v. Bernstein, 965 F.2d 1196, 1201–02 (2d Cir.1992).

After the granting of the temporary restraining order in June 2014, defendants continued to argue that Disability Rights did not have the statutory power to investigate complaints of abuse and neglect of disabled individuals at Blue Creek through multiple arguments and continuously argued that the P&A Statutes were not applicable to schools such as Blue Creek. The March 21, 2016 Memorandum, Decision & Order clearly found that Disability Rights is authorized to exercise its statutory monitoring and investigative authority at Blue Creek and other service providers in the Northern District. Further, the defendants were permanently prohibited from disputing that they are a service provider or facility pursuant to the P&A Statutes. As a result, the legal relationship between the parties materially changed and Disability Rights succeeded on the significant issues in this litigation, above and beyond the relief granted to them in the June 20, 2014 temporary restraining order. Accordingly, plaintiff must be considered a prevailing party for the purposes of 42 U.S.C. § 1988 and may recover attorneys' fees and costs for the entirety of this action.

*(ili) Special Circumstances.*

In their response, defendants argue that an award of attorneys' fees would be unjust as there was no financial disincentive for Disability Rights in deciding whether to pursue litigation. Further, defendants argue such an award would be unjust because they are a taxpayer funded school district.

Generally, plaintiffs are entitled to Section 1988 fees "unless special circumstances would render such an award unjust." Kentucky v. Graham, 473 U.S. 159, 164 (1985), see also Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). The Second Circuit has "established a two-step test for courts to apply when considering whether special circumstances make it

appropriate to deny attorneys' fees." Raishevich v. Foster, 247 F.3d 337, 344 (2d Cir. 2001). Under that test, courts "must make an initial determination whether 'the plaintiff's claim was so strong on the merits and so likely to result in a substantial judgment that counsel in similar cases could be easily and readily, retained.'" Id. (quoting Kerry v. Quinn, 692 F.2d 875, 878 (2d Cir. 1982)). If the plaintiff's case satisfies this requirement, a court "may use its discretion to deny fees if, in light of all of the circumstances and the size of recovery, an award of such fees might work an injustice." Id. That second, discretionary decision "will turn on the usual factors such as the award of punitive damages, the amount of compensatory damages, the degree and measurability of harm to the plaintiff, and the public interest in the particular claim." Kerry, 692 F.2d at 878. One of the factors entitled to consideration is "the presence or absence of any bad faith or obdurate conduct on the part of either party." Zarcone v. Perry, 581 F.2d 1039, 1044 (2d Cir. 1978).

Nothing in the submissions, nor the conduct of Disability Rights or their attorneys, evidences bad faith sufficient to constitute the type of "special circumstances" the Second Circuit has found to justify the denial of attorney's fees to a prevailing party. Even though Disability Rights is publicly funded, it was required to devote significant resources to this action after the defendant's improperly denied plaintiff its ability to investigate complaints of abuse and neglect at Blue Creek in violation of the P&A Statutes. As a result, no special circumstances warrant a finding prohibiting plaintiff from recovery of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

*(iv) Reasonable Fee Rate.*

Having found that attorneys' fees and cost are available to Disability Rights and it was a prevailing party pursuant to Section 1988, the inquiry turns to the reasonableness of the amounts sought by plaintiff's counsel. The fee application is supported by several documents including contemporaneous time records and documents outlining the qualifications of the attorneys involved in this action. First, defendants object to the proposed hourly rates for the seven plaintiff attorneys who worked on this case.

In this circuit, fee awards are governed by the Second Circuit's instructive decision in <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, 522 F.3d 182, 183–84 (2d Cir. 2008). Under the protocol announced in <u>Arbor Hill</u>, a court must first consider whether the rates at which compensation is sought are those that a "reasonable, paying client would be willing to pay" before multiplying that figure by the number of hours expended. <u>Arbor Hill</u>, 522 F.3d at 190–91; <u>see also</u> <u>Lewis v. City of Albany Police Dep't</u>, 2008 WL 2103565, at *1 (N.D.N.Y. May 20, 2008) ("Attorney's fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours."). Determination of the rate at which a reasonable client would be willing to compensate for the services rendered is informed by several factors of varying degrees of relevance,

> including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively ... the timing demands of the case, [and] whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation ....

<u>Arbor Hill</u>, 522 F.3d at 184. <u>Arbor Hill</u> also reinforced the appropriateness of considering the so-called "Johnson factors" when establishing a reasonable rate, including

- 9 -

> (1) the time and labor required; (2) the novelty and the difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill, 522 F.3d at 186 n. 3, 190 (discussing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)). The Second Circuit cautioned that a court should also "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

Furthermore, the Second Circuit "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" Bergerson v. N.Y. State Office of Mental Health, 652 F.3d 277, 290 (quoting Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)). This Court has previously found that "[t]he prevailing hour rates . . ., which are what a reasonable paying client would be willing to pay, are $210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years experience, $120 per hour for an attorney with less than four years experience, an $80 per hour for paralegals. See Lewis v. City of Albany Police Dep't, 554 F. Supp. 2d 297, 298-99 (N.D.N.Y. 2008) (citing Picinich v. United Parcel Serv., 2008 WL 1766746, at *2 (N.D.N.Y. Apr. 14, 2008)); see also Paramount Pictures Corp. v. Hopkins, 2008 WL 314541, at *5 (N.D.N.Y. Feb. 4, 2008) (Scullin, D.J.) ; New Paltz Cent. Sch. Dist. v. St. Pierre, 2007 WL 655603, at *2 (N.D.N.Y. Feb. 26, 2007) (Scullin, D.J.). However, since that time, other courts in the Northern District of New York have awarded fees at higher rates. See Legends are

Forever, Inc. v. Nike, Inc., 2013 WL 6086461, at *3-4 (N.D.N.Y. Nov. 18, 2013) (Peebles, M.J.) (awarding attorney's fees based on an hourly rate of $350 for a partner and $275 for an associate); Zalewski v. T.P. Builders, Inc., 2012 WL 5880327, at *3 (N.D.N.Y. Nov. 21, 2012) (Sharpe, D.J.) (awarding attorney's fees based on an hourly rate of $275 per hour for partners, $200 per hour for attorneys with more than four years experience and $170 per hour for attorneys with less than four years experience); Luessenhop v. Clinton Cnty., N.Y., 558 F. Supp. 2d 247, 266 (N.D.N.Y. 2008) (Treece, M.J.) (awarding attorney's fees based on an hourly rate of $235 per hour).

Although this action primarily concerned differing interpretations of the P&A Statutes, the legal issues were novel and complex. Further, the level of skill possessed by plaintiff's attorneys and their specialization in disability rights law served their client well and were material to the success of their action. Lastly, the timing of the case was demanding as the case was originally brought near the end of the 2013-14 school year. Each such factor, as well as all of the case-specific variables that the Second Circuit have identified as relevant are kept in mind when considering the experience of each of plaintiff's attorneys.

Pursuant to the submitted affirmation and resumes, Zucker has over thirty four years experience after receiving his Juris Doctor in 1982. See Affirmation of Cliff Zucker, Resumes, Zucker Affirmation, Ex. C. He possesses a specialization in disability rights law and has served as General Counsel and Legal Director of Disability Rights since 2013. He also has extensive litigation experience. An award of $300 per hour for an experienced senior attorney is appropriate. See Curtis v. City of Kingston, 2016 WL 1223471 at *6 (N.D.N.Y. Mar. 28, 2016). Accordingly, Zucker will be compensated at the rate of $300 per hour in this case.

Monthie has over thirteen years experience after being admitted to the Bar of the State of New York in 2004. See Affidavit of Jennifer Monthie. She also has a specialization in disability rights law and has served as a director for Disability Rights since 2013. Keegan was admitted to the New York State Bar in 1999 and has substantial experience with special education law and disability rights law. She currently serves as a Supervising Attorney at Disability Rights. For senior attorneys with more than ten years of experience, the Northern District has found that an hourly rate within the range of $250 to $350 is appropriate. See Pope v. County of Albany, 2015 WL 5510944 at *10-11, 16 (N.D.N.Y. Mar. 28, 2016) (Kahn, D.J.). Upon review of the affidavits and documents submitted, $250 per hour is the appropriate hourly rate for attorneys Monthie and Keegan.

The appropriate hourly rate for attorneys Turner, Short, Neumeier and Nair, each a staff attorney at Disability Rights with less than ten years of experience, is $175.00 per hour.

(v) *Reasonable Hours*.

The next step requires a determination of the number of hours reasonably expended by plaintiff's attorneys. Plaintiffs' attorneys have submitted documentation evidencing that they expended almost seven hundred (700) hours representing Disability Rights in this matter. Defendants contend that such amount of time is excessive and redundant.

In considering the number of reasonably expended hours, the court "should exclude excessive, redundant or otherwise unnecessary hours," and "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." See Hensley, 461 U.S. at 434; see also Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir.1998); Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir.1998). The court should also

consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992) (citing Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1177 (6th Cir. 1990)). Courts can use significant discretion in making the determination of reasonableness of time spent based on the scope and complexity of a case. See N.Y. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146-47 (2d Cir. 1983).

The documents and research submitted in connection with the plaintiffs' request were novel and complex issues of law. Further, defendants did challenge Disability Right's ability to act under the P&A Statutes on multiple grounds, necessitating significant supporting documentation concerning both parties' motions for summary judgment. Additionally, regulations associated with the P&A Statutes were modified in July 2015, which prompted the Court to request additional briefing.

However, review of the contemporaneous time records submitted by Disability Rights does evidence that the number of staff attorneys involved and the hours spent on many tasks were unnecessary and excessive. The three senior attorneys staffed to this action billed more than fifty (50) hours each to this case.[1] There was also a significant amount of time devoted to internal meetings and communications.

Additionally, the submissions evidence that plaintiff's attorneys spent almost fifty (50) hours drafting and revising its initial pleadings and request for a temporary restraining order. It was recently found that the sixty (60) hours to draft pleadings and an order to show cause was

---

[1] One senior attorney (Keegan) allegedly spent almost 500 hours, the equivalent of 62 days or 2 plus months full time at 8 hour days, on this one case.

excessive and reduce such hours by one half. See Curtis, 2016 WL 1223471 at *6. Further, attorneys for Disability Rights spent approximately one hundred (100) hours drafting and revising its motion for summary judgment, approximately fifty (50) hours on its response to defendants' motion for summary judgment and approximately thirty (30) hours on its reply papers. While such submissions were well reasoned and successful, the hours devoted to their preparation were excessive especially in light of plaintiff's attorneys specialization in disability rights law and familiarity with the P&A Statutes. Therefore, a reduction is appropriate.

Based upon the submissions, Disability Rights spent approximately fifty six (56) hours on its motion for attorneys' fees. Courts in the Northern District have found that more than fifty (50) hours to prepare a motion for attorneys' fees is unreasonable. See Luessenhop v. Clinton County, N.Y., 558 F. Supp. 2d 247, 270 (N.D.N.Y. 2008) (Treece, M.J.); see also Murray v. Mills, 354 F. Supp. 2d 231, 241 (E.D.N.Y. 2005) (even in a complex case a fee application should only tax thirty (30) hours).

For the foregoing reasons, after review of the contemporaneous time records, the submissions of the parties and the case law within the Second Circuit, the alleged total hours expended by plaintiff's attorneys will be reduced by one half.

*(vi) Fee Calculation.*

Accordingly, the reasonable attorneys' fees can be calculated as follows:

| Attorney | Alleged Hours | Rate | Total |
|---|---|---|---|
| Cliff Zucker | 52.6 | $300.00 | $ 15,780.00 |
| Jennifer Monthie | 79.1 | $250.00 | $ 19,775.00 |
| Julie Keegan | 489.8 | $250.00 | $122,450.00 |
| Chris Turner | 29.6 | $175.00 | $ 5,180.00 |
| Stefan Short | 20.6 | $175.00 | $ 3,605.00 |
| Prianka Nair | 14.0 | $175.00 | $ 2,450.00 |
| Shain Neumeier | 14.10 | $175.00 | $ 2,467.50 |
| Total | 699.8 | | $ 171,707.50 |
| | | 50% Reduction | $ 85,853.75 |
| | | Award | $ 85,853.75 |

(v) *Costs.*

In addition to attorneys' fees, Disability Rights also requests an award of costs in the amount of $778.78. These costs reflect the $400 filing fee as well as photocopying of student records and mileage and tolls for oral arguments. See Zucker Affirmation, Ex. E.

"Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54. As such, Disability Rights is entitled to recover such costs.

## IV.	CONCLUSION.

Based upon the foregoing, and considering the relevant factors governing awards of attorneys' fees and costs pursuant to 42 U.S.C. 1988, Disability Rights is entitled to recover attorneys' fees in the amount of $85,853.75 and costs in the amount of $778.78.

Therefore, it is ORDERED that

(1) Plaintiffs' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 is **GRANTED** in part and **DENIED** in part;

(2) plaintiff is awarded attorneys' fees in the amount of $85,853.75 and costs in the amount of $778.78, for a total award of $86,632.53; and

(3) The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 8, 2017
      Utica, New York